UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JEANNETTE EWOLDT,**

        Plaintiff,

v.                                  Case No.: 3:03-cv-1073-J-99TEM

**DENNY L. ROBINSON, et al.,**

        Defendants.
_____/

## ORDER

Before the Court is Defendant's Motion for Summary Judgment (Doc. No. 37, filed June 21, 2005), to which Plaintiff responded (Doc. No. 41, filed July 15, 2005). After a thorough review of the record, and as briefed in Plaintiff's response, the Court agrees that the substantive law regarding the personal injury counts in this action are controlled by Hawai'i law and not Florida law. The factors the Court considers under the "significant relationship test" weigh in favor of applying the law of Hawai'i rather than Florida. See, e.g., Digioia v. H. Koch & Sons, Div. of Wickes Mfg. Co., 944 F.2d 809 (11th Cir. 1991); Garcia v. Public Health Trust of Dade County, 841 F.2d 1062 (11th Cir. 1988); Acme Circus Operating Co., Inc. v. Kuperstock, 711 F.2d 1538 (11th Cir. 1983); State Farm Mut. Auto. Ins. Co. v. Olsen, 406 So.2d 1109 (Fla. 1981); Bishop v. Fla. Specialty Paint Co. 389 So.2d 999 (Fla. 1980); Hoffman v. Ouellette, 798 So.2d 42 (Fla. 4th DCA 2001). As Hawai'i law applies in this present dispute, the Court will not rule on a Motion for Summary Judgment predicated on inapplicable law.

Consequently, Defendant's Motion for Summary Judgment (Doc. No. 37) is **DENIED WITHOUT PREJUDICE** to re-file addressing the deficiency outlined above.

**DONE AND ENTERED** at Jacksonville, Florida, this 1st day of August, 2005.

_____
HARVEY E. SCHLESINGER
United States District Judge

Copies to:
Robert E. Bonner, Esq.
David M. Caton, Esq.
Heather A. Owen, Esq.
Robert G. Riegel, Esq.