**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JEANNETTE EWOLDT,

    Plaintiff,

vs.                                          CASE NO. 3:03-cv-1073-J-20TEM

DENNY L. ROBINSON, individually and
as an employee, agent or representative of
HTG DISTRIBUTORS, INC.; BRIAN
WILLIAMSON, individually and
as an employee, agent or representative
of HTG DISTRIBUTORS, INC.; and,
HTG DISTRIBUTORS, INC., a Michigan
Corporation

    Defendants.

_____

## O R D E R

This case is before the Court on Defendants' Motion to Exceed Ten Depositions and Reopen Deposition (Doc. #61, Motion), filed December 15, 2005. Defendants seek to take two additional depositions and to reopen the deposition of a fact witness who was deposed in June 2005. In essence, Defendants seek to reopen discovery in this case, which ended May 18, 2005, unless otherwise agreed by stipulation of the parties. *See* Docs. #15, Case Management Report; #18, Case Management and Scheduling Order.[1]

Defendants maintain that the September 13, 2005 deposition testimony of witness Teresa Brown revealed the "golf photo shoot" that took place during September 2002

---

[1]The Court notes the parties jointly sought an extension of discovery on April 5, 2005 (Doc. #28), and apparently further agreed to extend the discovery period for a time beyond the information provided the Court, as evidenced by the deposition which occurred September 13, 2005.

Hawaii trip to be a more significant event in this litigation than was thought.  *See* Doc. #61 at 2-3.  Plaintiff is suing Defendants over alleged offensive incidents Plaintiff claims occurred in Hawaii in September 2002 while she was attending an employer sponsored beauty contest.  *See* Doc. #17, Amended Complaint.  Plaintiff has filed a Memorandum of Law in Opposition to Defendants' Motion (Doc. #63).

Rule 16(b) of the Federal Rules of Civil Procedure provides that a schedule set by the Court shall not be modified except upon a showing of good cause.  Further, Fed. R. Civ. P. 6  permits court discretion to enlarge periods of time set forth under other rules by specifically providing:

> the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where failure was the result of excusable neglect....

FED. R. CIV. P. 6(b).  This Court has likened excusable neglect to "some showing of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified."  *Wilson v. Transworld Systems, Inc.*, 2000 WL 1310658 (M.D. Fla. 2001) quoting *Williams v. Publix Warehouse*, 151 F.R.D. 428, 431 (M.D. Fla. 1993).

Defendants acknowledge having become aware of the desire for additional discovery at least as early as the September 13, 2005 deposition of witness Teresa Brown.  In fact, the parties gave notice to the Court on August 29, 2005 (Doc. #54) that they elected "to allow the reopening of discovery for the limited purpose of allowing Defendants to take depositions relating to Ms. Teresa Brown's testimony."  Furthermore, review of the record reveals the photo shoot in question was a topic of discovery inquiry in February 2005, when

the depositions of Brian Williamson and Denny Robinson were taken. *See* Doc. #50, Exh. A-2 pp.4-13; Exh. B-5 pp.19-20.

Even if the Court were to accept Defendants' proffer that the significance of the photo shoot was not realized until September 13, 2005, their failure to request an enlarged discovery period before December 15, 2005 is not excusable. Defendants have not shown good cause to enlarge the discovery period beyond that which was mutually agreed upon by the parties. Failure to inquire into a matter previously discovered does not amount to excusable neglect under Rule 6, nor good cause to alter scheduling under Rule 16. Such a lack of diligence cannot be viewed as a reasonable basis for noncompliance within the time specified.

Having determined Defendants have not justified additional discovery at this point in the litigation, the Court finds it unnecessary to address whether they should be permitted to exceed the presumptive number of depositions established under Fed. R. Civ. P. 30(a)(2)(A) and Local Rule 3.02(b).

Accordingly, Defendants' Motion to Exceed Ten Depositions and Reopen Deposition (Doc. #61) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of January, 2006.

Copies to all counsel of record
and *pro se* parties, if any

THOMAS E. MORRIS
United States Magistrate Judge