FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2006 JUL -6 ᵖ 2: 35

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

JEANNETTE EWOLDT,

        Plaintiff,

v.

                                  Case No.: 3:03-cv-1073-J-20TEM

DENNY L. ROBINSON, individually
and as an employee, agent or representative
of HTG DISTRIBUTORS, INC.,; BRIAN
WILLIAMSON, individually
and as an employee, agent or representative
of HTG DISTRIBUTORS, INC.,; and
HTG DISTRIBUTIORS, INC., a Michigan
corporation,

        Defendants.

_____/

## ORDER

Before the Court are several motions for attorneys' fees and costs: (1) Defendant Brian

Williamson's Motion for Attorneys' Fees and Costs (Doc. No. 91, filed February 23, 2006); (2)

Defendant Brian Williamson's Motion To Renew, Refile and Amend His Motion for Attorneys'

Fees and Costs (Doc. No. 136, filed March 29, 2006); and (3) Defendants Denny L. Robinson

and HTG Distributors, Inc.'s Motion for Attorney Fees and Costs (Doc. No. 137, filed March 29,

2006). Plaintiff has responded in opposition to these Motions (Doc. No. 115, filed March 9,

2006 and Doc. No. 139, filed April 12, 2006). On April 18, 2006 a hearing on the motions was

held before the undersigned. This matter is now ripe for judicial review.

1

## I.      Factual Background

Plaintiff Jeannette Ewoldt was employed as the Director of Marketing and Spokesmodel

for Defendant HTG Distributors Inc. ("HTG").  This case arose from the alleged conduct of Mr.

Robinson, HTG's venture capitalist and Chairman of the Board, toward Ms. Ewoldt in Hawai'i at

an Hawaiian Tropic's U.S. Finals Pageant in September of 2002.  Defendant Brian Williamson

served as HTG President and traveled from Florida to the pageant, along with Plaintiff Ewoldt, to

promote HTG's products to potential customers and pursue other marketing opportunities.

While at the pageant in Hawai'i, Mr. Robinson allegedly engaged in unconsented touching of

Plaintiff Ewoldt and allegedly made crass statements to her and regarding her.  In her amended

complaint, Plaintiff asserted claims for assault, battery, intentional infliction of emotional

distress, negligent infliction of emotional distress, negligence and vicarious liability against Mr.

Robinson, HTG, and Mr. Williamson (Doc. No. 17, filed May 18, 2004).  Summary judgment

resolved, in Defendants' favor, the claims for negligence against Mr. Williamson and HTG, and

negligent infliction of emotional distress against Mr. Williamson and HTG (Doc. No. 73, filed

January 25, 2006).[1]  After a five day jury trial on the claims for assault, battery, intentional

infliction of emotional distress, and vicarious liability of HTG, a verdict was returned in favor of

Defendants Robinson and HTG (Doc. No. 130, filed March 20, 2006).  A judgment was then

entered in favor of Defendants and against Plaintiff (Doc. Nos. 134 & 135, filed March 21,

2006).

The Defendants' motions for attorneys' fees and costs were brought pursuant to Florida's

Offer of Judgment statute, Fla. Stat. § 768.79, which allows a prevailing party to recover fees and

_____

[1]      Summary judgment resolved all claims against Defendant Williams.

costs incurred after an opponent fails to accept an offer to settle, and pursuant to Rule 54 of the Federal Rules of Civil Procedure. In opposition to Defendants' motions, Plaintiff argues two main points to the Court. First, that Florida Statute § 768.79 should not apply because this Court applied the substantive law of Hawai'i in federal court. Plaintiff's second argument is that the procedures of § 768.79 were not fully complied with. These two points are discussed below in seriatim.

On February 11, 2005, Defendants served an Offer of Judgment proposing to settle Plaintiff's claims; Defendant Williamson's offer was for $2,000.00, Defendant Robinson's offer was for $7,500.00, and HTG's offer was for $500.00. The terms of the general release sought to resolve all claims that have been made or could have been asserted by Plaintiff against Defendants in this lawsuit insofar as Plaintiff's acceptance of the settlement funds would constitute the entire amount to be paid in full settlement of all claims that Plaintiff has, had, or may have against Defendants and would constitute full, final, and permanent waiver and release of all claims, known and unknown, that Plaintiff has, had, or could have maintained against Defendants through the date of acceptance of the Offer of Judgment (see Exhibit A to Doc. No. 136 and Exhibit A to Doc. No. 137). Plaintiff did not accept within 30 days of the offer. Defendant Williamson now seeks one-third of incurred attorneys' fees and recoverable costs from the date of the offer, February 11, 2005, until the grant of summary judgment in favor of Defendant Williamson on January 25, 2006. Defendants Robinson and HTG seek attorneys' fees and recoverable costs from the date of offer, February 11, 2005, until entry of judgment in favor of Defendants on March 21, 2006. Defendants Robinson and HTG seek $120,816.79 in attorneys' fees and $17,222.27 in costs, while Defendant Williamson seeks $56,156.26 for

attorneys' fees and $8,611.14 in costs.[2]

## II.     Legal Principles

Under Florida Statute § 768.79(1) a defendant is entitled to recover costs and fees "if a defendant files an offer of judgment which is not accepted" within 30 days, and "if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer. . . ." See also Fla. Stat. § 768.79(6)(a).  The defendant will be entitled to attorneys' fees from the date of the offer if the plaintiff fails to recover at least 25% of the amount of the proposal, if the offer complies with the governing technical requirements.  In order to satisfy the technical requirements of Section 768.79, an offer must:

(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.

Fla. Stat. § 768.79(2).  Federal courts construing offers made pursuant to Section 768.79 must also consider the requirements of Florida Rule of Civil Procedure 1.442, which prescribes "Form and Content of Proposal of Settlement."  Fla. R. Civ. P. 1.442(c).  See McMahan v. Toto, 311 F.3d 1077, 1082 (11th Cir. 2002); 1 Nation Technology Corp. v. A1 Teletronics, Inc., 924 S.2d 3, 5 (Fla. 2nd DCA 2005) ( "Rule 1.442 implements section 768.79 . . . ." ); Hess v. Walton, 898 So.2d 1046, 1050 (Fla. 2nd DCA 2005) (same).

Florida Rules of Civil Procedure 1.442(c)(2) (C) and (D) require all non-monetary terms of an offer to be stated with particularity. See, e.g., Connell v. Floyd, 866 So.2d 90 (Fla. 1st DCA

---

[2] Defendants anticipate supplementing this recovery request with affidavits of attorneys' fees incurred and billed, subsequent to the March 21, 2006 date when judgment was entered in their favor, due to preparation of this motion (See Doc. No. 137 at 3, n. 2).

2004); Zalis v. M.E.J. Rich Corp., 797 So.2d 1289 (Fla. 4th DCA 2001); Gulf Coast Transp., Inc.

v. Padron, 782 So.2d 464 (Fla. 2d DCA 2001). "[A] proposal for settlement should be as

specific as possible, leaving no ambiguities, so that the recipient can fully evaluate its terms and

conditions." Connell v. Floyd, 866 So.2d 90, 92 (Fla. 1st DCA 2004); accord Lucas v. Calhoun,

813 So.2d 971, 973 (Fla. 2d DCA 2002). "Because the offer of judgment statute [Fla. Stat. §

768.79] and related rule [Fla. R. Civ. P. 1.442 (c)] must be strictly construed, virtually any

proposal that is ambiguous is not enforceable." Hibbard ex rel. Carr v. McGraw, 918 So.2d 967,

971 (Fla. 5th DCA 2005). On this point, the Florida Supreme Court recently offered this

instruction:

> We recognize that, given the nature of language, it may be impossible to eliminate all ambiguity. The rule [1.442] does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification. If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement.

State Farm Mut. Auto. Ins. Co. v. Nichols, No. SC03-1653, 2006 WL 1491542, at 10 (Fla. June

1, 2006).

A general release qualifies as one of the "relevant conditions" or "nonmonetary terms" of

a settlement proposal, which must be described with particularity under Rule 1.442.

> We think it clear that when an offeror insists that an offeree sign a general release, the release becomes a stipulation or prerequisite of the contract. Even if the release does not constitute the essence of the settlement proposal – and thus a condition under subdivision (c)(2)(C) of the rule – at the very least it qualifies as a nonmonetary term under subdivision (c)(2)(D).

Id. Yet the supreme court explained that a general release with expansive language does not

necessarily run afoul of the particularity and specificity requirements of the rule. A general

release can be sufficiently particular to satisfy the demands of Rule 1.442 because "[t]he rule

aims to prevent ambiguity, not breadth." Id.; see also Bd. of Trustees of Florida Atlantic University v. Bowman, 853 So.2d 507, 509 (Fla. 4th DCA 2003) ("In the instant case, the language in the General Release, even though expansive, is typical of other general releases and is clear and unambiguous.").

## III.   Discussion

Plaintiff first argues that Florida Statute § 768.79 should not apply in a federal diversity case when the substantive law of a foreign jurisdiction is applied. This Court held, after considering the factors of the "significant relationship test," that the personal injury counts in this action are substantively controlled by Hawai'i law and not Florida law (see Doc. No. 44, filed August 1, 2005). In McMahan v. Toto, the Eleventh Circuit unequivocally stated: "we hold that Florida's offer of judgment statute, Fla. Stat. § 768.79, is applicable to cases . . . that are tried in the State of Florida even though the substantive law that governs the case is that of another state." McMahan v. Toto, 311 F.3d 1077, 1081 (11th Cir. 2002), cert. denied sub nom., Nemesis Veritas, L.P. v. Toto, 539 U.S. 914 (2003).

A review of the law of the circuit and of the State of Florida resolves any doubt that Florida's Offer of Judgment statute has been applied in cases tried in the State of Florida, even when the substantive law that governs the case is of another state. See, e.g., Walker v. Bozeman, 243 F. Supp.2d 1298, 1304 (N.D. Fla. 2003) ("Under the definitive law of the circuit, [Fla. Stat. § 768.79] provisions are fully applicable in federal diversity actions . . . ."); Tanker Management, Inc. v. Brunson, 918 F.2d 1524, 1527 (11th Cir. 1990) ("In a diversity action, the court looks to the substantive law which creates the cause of action, in this case Florida law, to determine if costs include attorney's fees."); BDO Seidman, LLP v. British Car Auctions, Inc., 802 So.2d 366,

369 (Fla. 4th DCA 2001) ("Our conclusion that section 768.79 applies to all civil actions for damages brought in Florida courts is consistent with the legislative intent, which is to reduce litigation."); Bennett v. Morales, 845 So.2d 1002, 1004 (Fla. 5th DCA 2003) ("we agree . . . that section 768.79 applies to all civil actions for damages brought in Florida, even where the substantive law of another jurisdiction is applied").

Irrespective of Plaintiff's contention that the Eleventh Circuit in McMahan v. Toto did not properly take into consideration the fact that Fla. Stat. § 768.79 applies only to courts "of this state," namely the State of Florida, this Court is bound to follow the law of the circuit. See McMahan v. Toto, 311 F.3d at 1077. In an analogous setting, wherein an appellee urged the Eleventh Circuit to overturn a U.S. Supreme Court ruling on the grounds that it was of "questionable force" because the Supreme Court had subsequently "indicated its disapproval of the case," the Eleventh Circuit instructed: "It is not given to us to overrule the decisions of the Supreme Court. We have stated repeatedly, and with respect to the very issue presented in this appeal, that 'we are not at liberty to disregard binding case law that is so closely on point and has been only weakened, rather than directly overruled, by the Supreme Court.'" U.S. v. Gibson, 434 F.3d 1234, 1246 -47 (11th Cir. 2006) (citations omitted). Moreover, "[t]his is so even if we are convinced that the Supreme Court will overturn its previous decision the next time it addresses the issue. Though wounded, [the legal principle in question] still marches on and we are ordered to follow. We will join the funeral procession only after the Supreme Court has decided to bury it." Id.

This Court is of the firm conviction that this reasoning and rationale applies with equal force to a district court with respect to binding case law from the Eleventh Circuit.

Notwithstanding any thoughtful and creative arguments advanced by Plaintiff, this Court is not at liberty to disregard binding Eleventh Circuit case law. Thus, in conformity with <u>McMahan v. Toto</u>, this Court finds that Florida's Offer of Judgment statutes applies in this diversity case even though the substantive law of Hawai'i was applied.

The second argument advanced by Plaintiff is that Defendants' Offers and Releases are invalid because they did not comply with the form and content requirements of the proposal of settlement of Florida Statute § 768.79 and Florida Rule of Civil Procedure 1.442. Specifically, Plaintiff argues that the Offers and Releases were defective in the following ways: (1) required Plaintiff Ewoldt to release other defendant parties that were in the underlying action; (2) failed to identify specific claims that were to be released; (3) attempted to extinguish, or might potentially extinguish, other claims Plaintiff Ewoldt may have or may have had against Defendants Williamson, Robinson, and HTG; and (4) were so vague, ambiguous, and overbroad that Ewoldt was not given a determinable value with which to weigh her chances at trial. In addition to these deficiencies, Plaintiff argues that the offers were made in bad faith because at the time Defendants erroneously relied on Florida law as the substantive law applicable to this diversity case and therefore, Defendants had no reasonable foundation to support its Offers.

This Court has thoroughly reviewed and considered these alleged defects with Defendants' Offers and Releases and finds the above outlined criticisms without merit.[3] This

---

[3] It is noteworthy that no outstanding claim was threatened by the general release. <u>Cf</u>. <u>Palm Beach Polo Holdings</u>, 904 So.2d 652, 654 (Fla. 4th DCA 2005) ("[T]he language of the proposed release is not limited to damages arising out of the underlying action. In fact the record indicates that at least one other action was then pending between the same parties. [] Acceptance could cause plaintiff to relinquish a claim that it would not otherwise have done."); <u>Dryden v. Pedemonti</u>, 910 So.2d 854 (Fla. 5th DCA 2005) (where parties' attorneys in a personal injury automobile accident case disagreed at oral argument whether proposal for settlement with release of "all claims" in connection with the incident would potentially extinguish any subrogated claim then held or later acquired by plaintiff's PIP or health insurance carrier, against the tortfeasor, proposal was ambiguous and invalid); <u>RLS Business Ventures, Inc.</u>, 784 So.2d

Court is not persuaded that the proposal of settlement has failed to conform with the form and content requirements of Florida Statute § 768.79 and it is also not persuaded that the proposal was ambiguous and would require construction by a court.

With regard to the bad faith allegation, the Court notes that Plaintiff bears the burden to show that the Defendants' had no reasonable basis to support its offer or that the offeror did not have the intent to settle the case. See, e.g., Official Cargo Transport Co., Inc. v. Certain Interested Underwriters at Lloyds of London, 368 F.Supp.2d 1314 (S.D.Fla. 2005); Wagner v. Brandeberry, 761 So.2d 443 (Fla. 2nd DCA 2000). Based on a review of the record, the motion and opposition for attorneys' fees and costs, and oral argument, this Court is not persuaded that Defendants' had no reasonable basis to support its offer. Plaintiff has neither sufficiently explained nor offered legal support for why Defendants' alleged misapprehension that Florida law was the substantive law applicable to this diversity case would necessarily preclude Defendants' from having a reasonable basis to support its offer of settlement. See McMahan v. Toto, 311 F.3d at 1083-84 ("To accept in the same case in which a party did prevail the notion that there was no reasonable basis for that party prevailing would require self-contradiction on a scale that we are unwilling to consider."). Accordingly, Plaintiff has not carried the burden of showing Defendants' lack of good faith.

---

1194, 1197 (Fla. 2d DCA 2001) ("proposal failed to state with particularity any nonmonetary terms because it was silent concerning the outcome of the replevin counts and who would retain possession of the items sought under them").

## IV. Conclusion

It is hereby **ORDERED AND ADJUDGED** that

(1) Defendant Brian Williamson's Motion for Attorneys' Fees and Costs (Doc. No. 91) is

**MOOT**;

(2) Defendant Brian Williamson's Motion To Renew, Refile and Amend His Motion for

Attorneys' Fees and Costs (Doc. No. 136) is **GRANTED**;

(3) Defendants Denny L. Robinson and HTG Distributors, Inc.'s Motion for Attorney

Fees and Costs (Doc. No. 137) is **GRANTED**; and

(4) Defendants Brian Williamson, Denny L. Robinson and HTG Distributors, Inc. shall

have **twenty (20) days** from the date of this Order to provide the Court with the total amount of

incurred attorneys' fees and recoverable costs Defendants are seeking.  Plaintiff shall have **eleven**

**(11) days** from the date of Defendants' filing to respond and present objections.


**DONE AND ENTERED** at Jacksonville, Florida, this _6ℱ_ day of July, 2006.


_____
HARVEY E. SCHLESINGER
United States District Judge

**Copies to:**
Robert E. Bonner, Esq.
David M. Caton, Esq.
Heather A. Owen, Esq.
Lawrence M. Scott, Esq.
Robert G. Riegel, Esq.
Garry Randolph, CRD