**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JEANNETTE EWOLDT,**

**Plaintiff,**

**v.** **Case No.: 3:03-cv-1073-J-20TEM**

**DENNY L. ROBINSON, individually and as an employee, agent or representative of HTG DISTRIBUTORS, INC.,; et al.,**

**Defendants.**
_______________________________/

**ORDER**

**THIS CAUSE** is before this Court following remand from the United States Court of Appeals for the Eleventh Circuit (Dkt. 163). The Eleventh Circuit granted a construed motion for appellant attorneys' fees and costs pursuant to Florida Statute § 768.79, but remanded the matter to this Court for the determination of a reasonable amount of fees to be awarded. (Dkt. 163). Pursuant to the remand, this Court directed Defendant to file material that would assist in a reasonable appellate attorney fees determination. (Dkt. 164). Plaintiff was also given an opportunity to file any objections. Defendants submitted documents, affidavits, and other supporting material to assist this Court (Dkt. 165), and Plaintiff submitted her objections (Dkt. 167). After reviewing the submissions of the parties, this Court finds as follows.

Defendants seek a total of $30,705.50 in attorney's fees and a total of $283.60[1] in costs in conjunction with Plaintiff's appeal. Defendants maintain all the fees and costs were reasonablely and necessarily incurred in defending this matter on appeal.

---

[1] Originally, Defendants sought $3,773.20 in costs. However, Defendants conceded that with the exception of $283.60 in photocopy expenses, the remaining costs are not recoverable pursuant to 28 U.S.C. § 1920. (Dkt. 165, ¶ 11).

Plaintiff's objects to a few of the specific fees and costs requested by Defendants. Specifically, Plaintiff objects: that Defendants have failed to separate out attorney work time and attorney travel time for attorney Scott making it is impossible for Plaintiff to properly object; that the time entries for attorney Lauren Du Val Donofrio are "excessive, redundant and/or unnecessary;" and that Defendants are seeking photocopy expenses that are not taxable costs.

Where as here, a claim for attorney's fees arises in state law, and is raised in a diversity case, federal courts apply the substantive law of the forum state. *Trans Coastal Roofing Co., Inc. v. David Boland, Inc.*, 309 F.3d 758, 760 (11th Cir. 2002). Florida Statute § 768.79(1) authorizes a defendant is recover "reasonable costs and attorney's fees." In seeking to determine a fee Florida Bar Rule 4-1.5(b) provides factors to be considered in determining a reasonable fee.[2] *See*

---

[2] Florida Bar Rule 4-1.5(b) provides:

(1) Factors to be considered as guides in determining a reasonable fee include:

(A) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(B) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
(C) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;
(D) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;
(E) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;
(F) the nature and length of the professional relationship with the client;
(G) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and
(H) whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree

*Hallowes v. Bedard*, 877 So.2d 953, 956 (Fla. 5th DCA 2004).

Moreover, nontaxable costs are not recoverable under § 768.79. *C&S Chemicals, Inc. v. McDougald*, 754 So.2d 795, 797 (Fla. 2d DCA 2000); *Kay v. Katzen*, 568 So.2d 960, 961 (Fla. 3d DCA 1990). Florida Statute § 57.041 provides what costs are taxable.[3]

Accordingly, with this standard in mind, this Court determines Defendant not entitled to receive photocopy expenses as they are not taxable. Moreover, this Court determines that Defendants are entitled to receive all of the fees requested for attorney Lauren Du Val Donofrio.[4]

---

on the outcome of the representation.

[3] Florida Statute § 57.041 provides,

> (1) If costs are awarded to any party, the following shall also be allowed:
>
> (a) The reasonable premiums or expenses paid on all bonds or other security furnished by such party.
>
> (b) The expense of the court reporter for per diem, transcribing proceedings and depositions, including opening statements and arguments by counsel.
>
> (c) Any sales or use tax due on legal services provided to such party, notwithstanding any other provision of law to the contrary.
>
> (2) Expert witness fees may not be awarded as taxable costs unless the party retaining the expert witness furnishes each opposing party with a written report signed by the expert witness which summarizes the expert witness's opinions and the factual basis of the opinions, including documentary evidence and the authorities relied upon in reaching the opinions. Such report shall be filed at least 5 days prior to the deposition of the expert or at least 20 days prior to discovery cutoff, whichever is sooner, or as otherwise determined by the court. This subsection does not apply to any action proceeding under the Florida Family Law Rules of Procedure.

[4] Defendants indicate that attorney Lauren Du Val Donofrio's time was spent shepardizing and preparing briefs for each case cited by both parties in their appellate briefs. According to

However, this Court agrees with Plaintiff that Attorney Scott's time records are not specific such that attorney travel can be segregated from other time. This Court determines that it is not appropriate to compensate attorney Scott at a rate of $275.00 per hour for travel. Accordingly, this Court will reduce Scott's rate on September 11, 2007, and September 12, 2007, in half (Scott is entitled to $2475.00 for those days). Therefore, Defendants are entitled to a total of $28,230.00 in attorney's fees.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

Defendants are hereby entitled to reasonable attorneys' fees in the amount of $28,230.00.

**DONE AND ENTERED** at Jacksonville, Florida, this 29th day of May, 2008.

**HARVEY E. SCHLESINGER**
UNITED STATES DISTRICT JUDGE

Copies to:
David M. Canton, Esq.
Robert E. Bonner, Esq.
Lawrence Scott, Esq.
Lauren Du Val Donofrio, Esq.

---

Defendants, had she had not performed this work at the rate of $170 per hour, attorney Scott would have been required to do so at a rate of $275.00 per hour. (Dkt. 165, pg. 3).